## STEVENS v. BICKFORD.
### No. 8427.

Court of Civil Appeals of Texas. San Antonio.
April 30, 1930.

Rehearing Denied July 9, 1930.

Jas. G. Cook, of Sinton, for appellant.

L. D. Stroud, of Beeville, for appellee.

COBBS, J.

This suit was instituted by appellant against appellee to recover on six promissory notes executed by appellee to the order of Brenard Manufacturing Company of Iowa City, Iowa, a partnership composed of T. O. Loveland and J. L. Records, of Iowa City. It was alleged that appellant was the owner of the notes and purchased them for value, without notice of any defect therein. The notes were numbered 1, 2, 3, 4, 5, and 6, the first five being for the principal sum of $85 each, and due two, three, four, five, and six months after date, respectively, and the sixth note being for the principal sum of $55, and due seven months after date; all of the notes provided for attorney's fees in case of default. The aggregate principal of the notes amounted to $480, and the total amount sued for, including attorney's fees, was $540.

The appellee answered by plea of non est factum and alleged a want of delivery, conditional delivery, fraud in procuring the instruments, failure of consideration, either in whole or in part, and the facts to establish the same.

The case was tried without a jury and the court, after hearing all the evidence, entered a judgment against the appellee for $210, with interest at 6 per cent. per annum.

Although no special findings were made, the said judgment contains the following finding as the basis thereof, to wit:

"And said parties having announced ready upon the facts of the case, the Court proceeded with the trial, which was concluded on the 7th day of Nov. 1929, and the Court having heard the evidence submitted by the parties, respectively, and the argument of counsel thereon, and having considered the same, it ordered and decreed by the Court, on this Nov. 7th, 1929, that the plaintiff, F. L. Stevens do have and recover of and from the defendant, W. A. Bickford, the sum of One Hundred Eighty Dollars ($180.00), which amount the Court finds to be the value of radios received by said defendant, or the sum of $30.00 each, and the further sum of $30.00 as reasonable attorney's fees for prosecuting this suit, aggregating the sum of Two Hundred and Ten and no/100 ($210.00) Dollars, with interest from this date at the rate of 6% per annum, and all costs of suit, for which execution may issue."

Of course, the effect of this finding is against appellee's contention, and, in effect, in favor of the contention of appellant that said notes were valid.

Plaintiff offered in evidence the six original notes sued on in the case, each being dated May 5, 1927, and reading in words and figures as follows, to wit:

"P. O. Beeville, State Texas Date: 5–5–1927.

"For value received ———— promise to pay to the order of the Brenard Manufacturing Company eighty-five dollars at Iowa City, Iowa, payable as below

| | Amount |
|---|---|
| "Two months after date | $85.00 |

"In case of default in payment, I agree to pay payee's reasonable attorney fees.
          "[Signed]   W. A. Bickford."

The remaining five notes are of the same tenor and effect, except as to dates of payment.

After the delivery of the notes the word "I" was inserted in the blank space. On the 9th day of May, 1927, Brenard Manufacturing Company wrote appellee, among other things:

"For your future reference if needed, we are enclosing herewith copy of your order and six notes payable to our order which you gave in settlement of this account, due in two, three, four, five, six and seven months from May 5th, 1927. For your convenience

these notes, as they mature, will be sent to your local bank for collection, unless you would prefer to remit to bank here for same."

The original contract and notes appear on page 81 of the statement of facts, which are not necessary to copy, as their contents will be discussed herein.

The undisputed testimony shows that for a valuable consideration, and in due course of trade, these notes were transferred to appellant, who had no notice whatever of any vice, if any, in the same.

■■ The sale was made through the traveling agent of the Brenard Manufacturing Company, and the notes were a part of the contract, and attached thereto with a perforated line so as to be easily detached and delivered, with the blank space afterwards filled in with the letter "I." Whatever the terms and stipulations in the contract governing the sales of the machines were, they were not adequate to put appellant upon any inquiry. He had no notice thereof, express or implied. Any condition regulating the sale or oral understanding had at the time was supposed to be merged in the contract, and no oral proof is available to change, vary, or control the written instrument.

■ In fact, we do not think any evidence in the record sufficiently shows failure of the contract, for appellee has not shown that they or any of them failed to come up to requirements. Appellant was not a party to the contract, but simply a purchaser, for value, without notice thereof. We do not see upon what theory any damages for the breach of the contract in whole or in part may be required of him.

As we understand the finding of the court supra, it found there was no vice in the obligations, as contended, but the contract failed partly in performance, because the machines were not up to the contract, or rather the representations of the parties who are not parties hereto. He seeks to defeat the notes or abate the amount of recovery under his plea of fraud or failure of consideration, based upon the seller's warranty as to quality and value to him as a trader at retail. Appellant is not shown to have any information or put upon any inquiry as to the contents of any express printed contract and the schedule annexed to it, showing that the radios were represented to be of a selling value to the retail trade. As the machines were never sold, any of them, or offered for sale, how can any one say they had no selling value? We can see no theory in law for holding appellant liable for damages on account of the defects in the machinery, while his only connection is with the severed notes.

The judgment of the trial court is reversed, and the judgment of this court is that the same be here rendered for the full amount of the principal of the six notes, with legal rate of interest from their respective maturities, and the further sum of $60 as the reasonable attorney's fees.

Reversed and rendered.